UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J OHN R ANKIN,

       P LAINTIFF,

v.

       C RIMINAL C ASE N O. 02-80242
       C IVIL A CTION  N O. 04-74780

U NITED S TATES OF A MERICA,

       H ONORABLE A RTHUR J. T ARNOW
       U NITED S TATES D ISTRICT J UDGE

       D EFENDANT.
_____/

## ORDER GRANTING PETITIONER'S MOTION
## FOR CERTIFICATE OF APPEALABILITY [# 107]

Before the Court is Petitioner's Motion for Certificate of Appealability [# 107]. For the reasons that follow, the motion will be GRANTED.

On October 6, 2005, this Court issued a memorandum opinion and order dismissing Petitioner's habeas corpus petition on grounds that the petitioner's claims of ineffective assistance of counsel and sentencing error in light of *United States v. Booker* lacked merit. The memorandum opinion and order was docketed December 21, 2005.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A).; Fed. R. App. P. 22(b). The United States Supreme Court has stated the applicable standard as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

*Rankin v. U.S.*, 02-80242, 04-74780

> COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

As to the denial of Petitioner's constitutional rights, the Court finds that jurists of reasons would find it debatable whether the petition states valid claims for relief. Indeed, if Petitioner can convince the Court of Appeals that he received ineffective of assistance of counsel or that his sentence was in violation of *United States v. Booker*, then he should be permitted further pursue his constitutional claims in federal court.

Therefore, the Court certifies the following issues for appeal:

(1) Whether Petitioner was denied effective assistance of counsel;

(2) Whether Petitioner's Sentence under the Sentencing Guidelines was in error in light of *United States v. Booker*.

The Court hereby **GRANTS** Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253..

**SO ORDERED.**

                <u>S/Arthur J. Tarnow</u>
                **Arthur J. Tarnow**
                **United States District Judge**

Dated: January 4, 2006

*Rankin v. U.S.*, 02-80242, 04-74780

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 4, 2006, by electronic and/or ordinary mail.

S/Kendra Byrd
Case Manager
